IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Thomas C. Wilson, | ) | C/A No. 0:16-1579-TMC-PJG |
| Plaintiff, | ) ) ) | |
| v. | ) ) | **REPORT AND RECOMMENDATION** |
| Sally Ann Chickering, | ) ) ) | |
| Defendant. | ) ) ) | |
| _____ | ) | |

The plaintiff, Thomas Clay Wilson, a self-represented pretrial detainee, brings this civil action against the defendant. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). Having reviewed the Complaint in accordance with applicable law, the court concludes that it should be summarily dismissed without prejudice and without issuance and service of process.[1]

**I.     Procedural Background**

Wilson alleges the defendant lied to the IRS to cover up her tax liability, and as a result, he was convicted of embezzling funds from the defendant. (ECF No. 11 at 4-5; ECF No. 11-2 at 1-2.) He seeks $410,000 in damages from the defendant, and he asks the court to make two findings on summary judgment: "that the Plaintiff did not 'embezzle' Defendant[']s funds, and that Defendant . . . did attempt to evade her Federal Income Tax liability." (ECF No. 11 at 5; ECF No. 14 at 1.) It appears that the defendant is Wilson's former spouse, and Wilson's allegations that the defendant

---

[1] Wilson also filed a motion for summary judgment that is clearly premature because the Amended Complaint has yet to be served on the defendant. (ECF No. 14.) Because the court recommends the Amended Complaint be dismissed, the court finds the motion for summary judgment should be terminated.



caused him to be convicted appear to arise out of a family court case between these litigants in which Wilson was arrested based on a warrant issued by the family court. (ECF No. 11-1 at 2.) Wilson also indicates that he has filed a related claim in the United States Tax Court but it was dismissed for lack of jurisdiction. (ECF No. 11-1 at 4.)

**II.    Discussion**

    **A.    Standard of Review**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

The Complaint has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted," "is frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief."[2] 28 U.S.C. § 1915(e)(2)(B). A finding of frivolousness can be made where the complaint "lacks an arguable basis either in law or in fact." Denton, 504 U.S. at

---

[2] Screening pursuant to § 1915A is subject to this standard as well.



31. Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. Neitzke, 490 U.S. 319; Allison v. Kyle, 66 F.3d 71 (5th Cir. 1995).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys, id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990); see also Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) (outlining pleading requirements under Rule 8 of the Federal Rules of Civil Procedure for "all civil actions"). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.     Analysis**

The court finds that Wilson's Amended Complaint fails to state a cognizable legal claim and therefore does not comply with Rule 8 of the Federal Rules of Civil Procedure.  See Fed. R. Civ. P. 8(a)(1)-(2) ("A pleading that states a claim for relief must contain:  (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief[.]").  The Amended Complaint does not expressly state any recognized civil causes of action, and the court is not able to deduce any legal claims from Wilson's allegations.  See Weller, 901 F.2d at 391 ("The 'special judicial solicitude' with which a district court should view such *pro se* complaints does not transform the court into an advocate.  Only those questions which are squarely presented to a court may properly be addressed.").  While Wilson states he seeks damages, he has not provided any basis in his pleadings to show he would be entitled to relief.  For instance, Wilson asks the court to find "that the Plaintiff did not 'embezzle' Defendant[']s funds, and that Defendant . . . did attempt to evade her Federal Income Tax liability," but neither of these allegations, if true, would show that the defendant is liable to Wilson for damages.  Consequently, the court finds that Wilson's Amended Complaint should be dismissed for failure to state a claim on which relief may be granted pursuant to § 1915(e)(2)(B)(ii).

### III.	Conclusion

For the foregoing reasons, it is recommended that the Amended Complaint be dismissed without prejudice and without issuance and service of process and Wilson's motion for summary judgment be terminated. (ECF No. 14.)

August 24, 2016  
Columbia, South Carolina

Paige J. Gossett  
UNITED STATES MAGISTRATE JUDGE

*The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).