IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Thomas C. Wilson, | ) |
|                 Plaintiff, | )     C/A No. 0:16-1579-TMC |
| v. | )     **OPINION & ORDER** |
| Sally Ann Chickering, | ) |
|                 Defendants. | ) |

Plaintiff Thomas C. Wilson ("Wilson"), proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. On August 24, 2016, the magistrate judge filed a Report and Recommendation ("Report") in which she recommended that the Amended Complaint be dismissed without prejudice and without issuance and service of process and that Plaintiff's motion for summary judgment (ECF No. 14) be terminated. (ECF No. 25). Wilson did not file objections and the time to do so has now run. Wilson, however, filed a Notice of Appeal. (ECF No. 27).

The magistrate judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a de novo review of every portion of the magistrate judge's report to which objections have been filed. *Id.* However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the

magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. Facts/Background

The magistrate judge summarizes the facts and background of this case in her Report. Briefly, Wilson is a pretrial detainee at the Charleston County Detention Center ("CCDC").[1] In this action, Wilson has named his former wife Sally Ann Chickering ("Chickering") as a defendant. He alleges that she lied to the IRS and this caused him to be convicted of embezzlement. Wilson is seeking money damages and an order finding that Plaintiff did not embezzle any funds and that Chickering evaded taxes.

## III. Discussion

The magistrate judge determined that, in the Amended Complaint, Wilson failed to state a cognizable claim and failed to comply with Federal Rule of Civil Procedure 8. (Report at 4). In the supporting documents attached to his Notice of Appeal, Wilson contends that "[t]he Tax Court [has] exonerated [him] of any wrongdoing," and that Chickering willfully attempted to evade her tax obligation. (ECF No. 27-1 at 2-3). Wilson contends that he is not asking for the court to rule that he did not embezzle and funds or that Chickering had committed tax evasion. (*Id*. at 3). He states that he has not asked for summary judgment at this point and he "request[s] that his claim be allowed to go forward and with two depositions the District Court could rule as to the 'embezzlement' issue whether [Chickering] did in fact willfully attempt to evade income tax . . . ." (ECF No. 27-1 at 1, 3). The requested relief, however, is unavailable - whether it is sought prior to depositions and discovery or afterwards.

First, Wilson appears to be seeking the prosecution of Chickering for tax evasion.

---

[1] Currently, there is a pending charge of breach of trust with fraudulent intent (value over $10,000) against Wilson. See www.charlestoncounty.org/PublicIndex/CaseDetails (Last visited Oct. 17, 2016).

2

However, "[n]o citizen has an enforceable right to institute a criminal prosecution." *Lopez v. Robinson*, 914 F.2d 486, 494 (4th Cir.1990) (*citing Linda R. v. Richard V.*, 410 U.S. 614, 619 (1973) ("In American jurisprudence at least, a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.")). Additionally, prosecutorial discretion does not reside in the judicial branch. The decision whether or not to prosecute, and what charge to file or bring, generally rests within the prosecutor's discretion. *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978). Accordingly, part of the relief Wilson seeks, the criminal prosecution of Chickering, has no basis in law.

Moreover, to the extent Wilson requests that this court declare that he did not embezzle any funds, this appears to be a challenge to his current criminal proceedings in state court. Absent extraordinary circumstances, this court should abstain from interfering with Wilson's pending state criminal proceedings. *See Younger v. Harris*, 401 U.S. 37, 44 (1971). Federal district courts should abstain from constitutional challenges to state judicial proceedings if the federal claims could be presented in the ongoing state judicial proceeding. *See Cinema Blue of Charlotte, Inc. v. Gilchrist*, 887 F.2d 49, 52–53 (4th Cir. 1989). The United States Court of Appeals for the Fourth Circuit has recognized that the "*Younger* abstention is appropriate only in those cases in which (1) there is an on-going state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Management Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995). The state court docket shows that Wilson's state criminal proceedings are on-going. The State of South Carolina has an important interest in maintaining the efficient operation of its criminal justice system without undue federal interference. Therefore, to the extent Wilson seeks to interfere with the pending state criminal proceedings against him, this court abstains from hearing this action.

### III. Conclusion

Based on the foregoing, the court adopts the Report (ECF No. 25). Accordingly, the Amended Complaint is **DISMISSED** without prejudice and without issuance and service of process. Additionally, the Clerk is directed to terminate Wilson's Summary Judgment Motion (ECF No. 14).

**IT IS SO ORDERED.**

                                                  s/Timothy M. Cain
                                                  United States District Judge

November 14, 2016
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.